# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DANA SHORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:19-cv-2516 |
| | ) |
| TRILOGY HEALTH SERVICES LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Dana Shore ("Shore"), by counsel, brings this action against Defendant, Trilogy Health Services LLC ("Defendant") alleging violations of the Age Discrimination in Employment Act ("ADEA").

### II. PARTIES

2. Shore is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant routinely conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 29 U.S.C. § 626.

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 630(b).

6. Shore was an "employee" as that term is defined by 29 U.S.C. § 630(f).

7. Shore satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on age and retaliation. Shore received her Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Shore began working for Defendant on or about April 17, 2017.

10. Shore held the title of Divisional Business Development ("DBD").

11. Shore was hired by and initially reported to Lisa McClure.

12. At all relevant times, Shore met or exceeded legitimate performance expectations.

13. On or about January 1, 2018, Shore was given the Central North Division and began reporting to Tami Wurdock.

14. Wurdock had expressed concerns regarding older employees in the past. For example, in November 2017, Wurdock criticized Shore's desire to hire an older worker, telling her that if it doesn't work out, she will have an age discrimination claim on her hands.

15. On or about March 22, 2018, Shore received a call from Wurdock and Kim

Anderson, another DBD. During the call, Wurdock ridiculed Shore because of her age and suggested that she should ask her grandkids what certain words meant.

16. On or about April 12, 2018, Wurdock organized a Power of 3 Sales Training, where each DBD was to coach a team that was put together by Wurdock. Shore's team consisted of all of the older trainees.

17. On or about April 13, 2018, Wurdock informed Shore that she was not allowed to attend the Spring Meeting. However, younger DBDs, such as Sarah Davis, who had campuses that were ranked below Shore's were allowed to attend the meeting.

18. On or about April 19, 2018, Shore engaged in protected activity when she complained to Shana Ross, Human Resources, that Wurdock was discriminating against her based on her age.

19. On or about May 1, 2018, Defendant terminated Shore's employment.

### IV.    CAUSES OF ACTION

### COUNT I: AGE DISCRIMINATION

20. Paragraphs one (1) through nineteen (19) of Shore's Complaint are hereby incorporated.

21. Shore's employment was terminated because of her age.

22. Defendant willfully and intentionally discriminated against Shore on the basis of her age in violation of the ADEA.

23. Shore has suffered damages as a result of Defendant unlawful actions.

## COUNT II: RETALIATION

24. Shore hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant discriminated against Shore for having engaged in protected activity.

26. Defendant's actions were intentional, willful and in reckless disregard of Shore's rights as protected by the Age Discrimination in Employment Act.

27. Shore suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Dana Shore, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Shore to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Shore of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages for Defendant's violations of the ADEA;

5. Compensatory damages for Defendant's retaliation under the ADEA;

6. Punitive damages for Defendant's retaliation under the ADEA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Dana Shore

## DEMAND FOR JURY TRIAL

Plaintiff, Dana Shore, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

Attorneys for Plaintiff, Dana Shore

-5-